MARK J. CONNOT [SBN 10010]
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, NV 89135
Telephone:  (702) 699-5924
Facsimile:   (702) 597-5503
mconnot@foxrothschild.com

JOYCE C. WANG (*pro hac vice*)
(CA SBN 121139 )
**CARLSON, CALLADINE & PETERSON LLP**
353 Sacramento Street, 16th Floor
San Francisco, California 94111
Telephone:     (415) 391-3911
Facsimile:     (415) 391-3898
jwang@ccplaw.com

Attorneys for Defendant
AFFILIATED FM INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TREASURE ISLAND, LLC, | )  **Case No.:  2:20-cv-00965-JCM-EJY** |
| *Plaintiff*, | )  **STIPULATION FOR** |
| | )  **PROTECTIVE ORDER AND** |
| vs. | )  **PROTECTIVE ORDER** |
| AFFILIATED FM INSURANCE COMPANY, | ) |
| *Defendant*. | )  Judge:     Hon. James C. Mahan |
| | )  Complaint filed:  May 28, 2020 |

  **IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiff Treasure Island, LLC, and Defendant Affiliated FM Insurance Company through their counsel of record, that:

### **GOOD CAUSE STATEMENT**

  The allegations in the pleadings in this action contemplate that during the course of litigation, certain proprietary, confidential, and/or trade secret information may be disclosed. In connection

with the discovery in this action, the Parties and certain third-party witnesses may produce documents, electronically stored information and materials that contain such information. Absent a protective order, production of certain documents and information may cause prejudice or harm if made publicly available.

## PURPOSES AND LIMITATIONS

The purpose of this Stipulated Protective Order is to provide a means for limiting access to, and the use and disclosure of, protected documents and information that are produced in this action. Accordingly, the **Parties** hereto stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order" or "Stipulated Protective Order"). The **Parties** acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The **Parties** further acknowledge that any **Party** seeking to seal Documents filed with the Court shall be required to comply with Local Rule IA 10-5 concerning Sealed Documents.

## DEFINITIONS

A.      Information, Records, Documents or testimony designated as **"Attorneys' Eyes Only" or "Attorneys' Eyes Only Information"** or **"Attorneys' Eyes Only Material"** shall be fully protected by the terms of this Order. All portions of transcripts, depositions, exhibits, or other pleadings or filings in this action which contain or otherwise set forth Documents, information, or other materials, or contents thereof, which have been designated as **Attorneys' Eyes Only**, shall likewise be subject to the terms of this Order.

B.      Information, Records, Documents or testimony designated as "**Confidential**" or "**Confidential Information**" or "**Confidential Material**," shall be fully protected by the terms of this Order. All portions of transcripts, depositions, exhibits, or other pleadings or filings in this action which contain or otherwise set forth Documents, information, or other materials, or contents thereof, which have been previously designated as **Confidential**, shall likewise be subject to the terms of this Order.

C.    "**Communicate**" (or variants) means to disclose, show, give, list, describe, provide, make available, furnish or allow exposure of information in any fashion to any person, including without limitation any mailing, faxing, hand delivery, photograph, electronic, digital or any other duplication or distribution method;

D.    "**Copy**" or "**Copies**" means reproductions made through any process, including but not limited to photocopying or photographic, any form of reproduction, manual recopying, microfilm, dictation, or mechanical, visual, digital or electronic duplication which in any way attempts to produce the substance, form, or content of information;

E.    "**Designating Party**" shall mean any **Party** or **Non-Party** who designates any material or information under this Stipulated Protective Order as **Confidential or Attorneys' Eyes Only**.

F.    "**Document**" or "**Documents**" includes all written, recorded, digital, electronic or graphic material, whether produced or created by a **Party**, **Non-Party**, or another person and whether produced pursuant to formal or informal discovery, pursuant to subpoena, by agreement or otherwise, and includes both those items of a tangible nature and any digital or computer files;

G.    "**Party**" means any person or entity named in this litigation, including affiliates, subsidiaries, or parent companies thereof;

H.    "**Person**" means any natural person, or any legal or business entity, profit or nonprofit organizations, or any governmental agency;

I.    "**Producing Party**" means the Party who produced **Confidential** or **Attorneys' Eyes Only Material**, **Documents**, or **Information**;

J.    "**Conclusion of this litigation**" shall be deemed to be the entry of final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law or a dismissal following settlement.

K.    "**Professional Vendors**" include Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

L.    "**Non-Party**" means any person or entity not named in this litigation.

M.    "**Receiving Party**" means the party who receives **Confidential** or **Attorneys' Eyes Only Material, Documents,** or **Information**.

N.    "**Requesting Party**" means the party that issued the discovery request that caused the **Producing Party** to produce **Confidential** or **Attorneys' Eyes Only Material, Documents,** or **Information**.

## **RESTRICTIONS**

1.    During the course of litigation, any **Party** may seek to have discovery material classified as "**Confidential.**" **Confidential Material** includes, but is not limited to: (a) a trade secret; (b) sensitive marketing, merchandising, corporate, or financial information; (c) private information regarding the **Parties**, affiliated entities, or a third party; (d) personnel records; or (e) any **Document** subject to a confidentiality agreement. **Confidential Material** may be designated by any **Party** as being subject to the provisions of this Stipulated Protective Order. Any **Party** or **Non-Party** ("**Designating Party**") may designate as **Confidential** any material if the **Party** or **Non-Party** in good faith believes that it contains **Confidential** commercial, financial, proprietary, or personal information. Such designation shall be made in good faith and with legitimate grounds when made. Failure to designate in this manner is sanctionable by the court.

2.    During the course of litigation, any **Party** may seek to have material classified as **Attorneys' Eyes Only**. **Attorneys' Eyes Only Material** includes, but is not limited to, any information, document or thing, or portion of any document or thing that contains highly sensitive proprietary, business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the **Designating Party**. Said information may be designated by any **Party** as being subject to the provision of this Stipulated Protective Order. Any **Party** or **Non-Party** may designate as **Attorneys' Eyes Only** any material if the **Party** or **Non-Party** in good faith believes that it contains highly sensitive proprietary, business or personal information, the disclosure of which is highly likely to cause

significant harm to an individual or to the business or competitive position of the **Designating Party.** Such designation shall be made in good faith and with legitimate grounds when made. Failure to designate in this manner is sanctionable by the court.

3. **Confidential Documents** and the information contained therein shall be used by the **Parties** and those **Persons** identified in Paragraph 5 (**Covered Persons**) only for the purpose of the prosecution or defense of this captioned action, and shall not be **Communicated** in any manner to anyone other than those **Covered Persons** identified in Paragraph 5, without order of the Court. Each and every **Confidential Document** produced (including **Copies,** excerpts, digests, summaries or indices thereof) by a **Party** or **Non-Party** shall be clearly marked and identified with the following legend, or one substantially similar:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**
**U.S.D.C. D. NEV. Case No. 2:20-cv-00965-JCM-EJY**

In the event any **Party or Non-Party** creates a computer database, disk, compact disk, drive, digital or other electronic record containing **Confidential Documents** or information, the **Party or Non-Party** creating such an electronic record shall mark the database, disk, case or envelope containing the material with the language contained in this Paragraph 3. **Documents** printed from such electronic media shall be marked the same as **Documents** originally produced on paper.

If corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the **Designating Party's** right to secure protection under this Order for such material. Upon correction of a designation, the **Receiving Party** must take reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

If it comes to a **Designating Party's** attention that information or items that it designated for protection do not qualify for protection, that **Designating Party** must promptly notify all other **Parties** that it is withdrawing the mistaken designation.

4. All **Attorneys' Eyes Only Material** shall be used by the **Receiving Party** solely for purposes of the prosecution or defense of the action, and shall not be used by the **Receiving Party** for any business, commercial, competitive, personal or other purpose. Material produced and marked as **Attorneys' Eyes Only** may only be disclosed to outside counsel for the **Receiving Party**

and **AEO Covered Persons** identified in Paragraph 6, and not to a **Party** or anyone else, except to such other persons as counsel for the **Producing Party** agrees in advance or as ordered by the Court. It is, however, understood that counsel for a **Party** may give advice and opinions to his or her client solely relating to this captioned action based on his or her evaluation of **Attorneys' Eyes Only Material**, provided that such advice and opinion shall not reveal the content of such **Attorneys' Eyes Only Material** expect by prior written agreement of counsel for the **Producing Party**, or by order of the Court. Each and every **Attorneys' Eyes Only Material** produced (including **Copies,** excerpts, digests, summaries or indices thereof) by a **Party** or **Non-Party** shall be clearly marked and identified with the following legend, or one substantially similar:

**ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER**
**U.S.D.C. D. NEV. Case No. 2:20-cv-00965-JCM-EJY**

In the event any **Party or Non-Party** creates a computer database, disk, compact disk, drive, digital or other electronic record containing **Attorneys' Eyes Only Material** or **Attorneys' Eyes Only Information**, the **Party or Non-Party** creating such an electronic record shall mark the database, disk, case or envelope containing the material with the language contained in this Paragraph. **Documents** printed from such electronic media shall be marked the same as **Documents** originally produced on paper.

If corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the **Designating Party's** right to secure protection under this Order for such material. Upon correction of a designation, the **Receiving Party** must take reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

If it comes to a **Designating Party's** attention that information or items that it designated for protection do not qualify for protection, that **Designating Party** must promptly notify all other **Parties** that it is withdrawing the mistaken designation.

5.      **Confidential Documents** and information shall not be given, shown, made available, discussed or otherwise **Communicated** in any way except to a "**Covered Person**." **Covered Persons** are defined as follows:

a.      The Court or Courts in which this litigation is being pursued;

b. The **Party** including their respective officers, directors and managing employees, and/or a **Person** employed by a corporate **Party** who is participating in the prosecution and/or defense of this litigation and the preparation of this case;

c. The attorneys of record for the **Parties** and their associated attorneys, including in-house attorneys in charge of monitoring this litigation and the employees of any such attorneys to whom it is necessary that the material be shown for purposes of the litigation;

d. Independent consultants, or other independent experts retained by a **Party** or an attorney of record to assist in the preparation of this litigation, and who have signed Exhibit A;

e. Court reporters and their staff, professional jury or trial consultants, mock jurors, mediators, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

f. During depositions, witnesses in the action to whom disclosure is reasonably necessary who are authors or recipients or those whose testimony is reasonably expected by the examining party to pertain to the subject of the document, unless otherwise agreed by the **Party** designating the document as **Confidential** or ordered by the court; and

g. Jurors in this action, with respect to any claims triable to a jury.

6. **Attorneys' Eyes Only documents** and information shall not be given, shown, made available, discussed or otherwise **Communicated** in any way except to an "**AEO Covered Person**." **AEO Covered Persons** are defined as follows:

a. The Court or Courts in which this litigation is being pursued;

b. The attorneys of record for the **Parties** and their associated attorneys, including in-house attorneys in charge of monitoring this litigation and the employees of any such attorneys to whom it is necessary that the material be shown for purposes of the litigation;

c. Independent consultants, or other independent experts retained by a **Party** or an attorney of record to assist in the preparation of this litigation, and who have signed Exhibit A;

d. Court reporters and their staff, professional jury or trial consultants, mock jurors, mediators, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

e.  During depositions, witnesses in the action to whom disclosure is reasonably necessary who are authors or recipients or those whose testimony is reasonably expected by the examining party to pertain to the subject of the document, unless otherwise agreed by the **Party** designating the document as **Confidential** or ordered by the court; and

f.  Jurors in this action, with respect to any claims triable to a jury.

7.  With respect to deposition testimony relating to or discussing a **Party's Confidential Information** or **Attorneys' Eyes Only Material,** the testimony shall correspondingly be considered **Confidential Material** or **Attorneys' Eyes Only Material**, including any deposition exhibits containing **Confidential Material** or **Attorneys' Eyes Only Material**, and the transcript of any such depositions shall be stamped "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The court reporter and videographer, if any, for any such deposition, shall be provided a copy of this Order by the **Party** who asserts confidentiality at the deposition , shall acknowledge this Order on the record and shall not disclose to anyone any deposition testimony or exhibit in this case, other than those specified in Paragraph 5 for **Confidential Material** and those specified in Paragraph 6 for **Attorneys' Eyes Only Material**. Any **Party** may appropriately designate transcripts of depositions as containing **Confidential Material** or **Attorneys' Eyes Only Material** after transcription as in the case of any other documents or information, provided that notice of such designation is given to the other party within fourteen (14) days after receipt of the transcript.

8.  Except as otherwise permitted under Paragraph 5, **Confidential Documents** and information shall not be given, shown, made available, discussed or otherwise **Communicated** to anyone other than the attorneys of record for a **Party** without first informing that other person of the contents of this Order. In the case of **Persons** specified in 5(d) herein above, counsel shall obtain from such **Person** a signed acknowledgment, in the form attached hereto as Exhibit A.

Counsel making such disclosure shall retain the original acknowledgment (Exhibit A).

9.  Except as otherwise permitted under Paragraph 6, **Attorneys Eyes Only documents** and information shall not be given, shown, made available, discussed or otherwise **Communicated** to anyone other than the attorneys of record for a **Party** without first informing that other person of

the contents of this Order. In the case of **Persons** specified in 6(c) herein above, counsel shall obtain from such **Person** a signed acknowledgment, in the form attached hereto as Exhibit A.

Counsel making such disclosure shall retain the original acknowledgment (Exhibit A).

10.     Any **Party** may challenge a **Confidential** or **Attorneys' Eyes Only** designation at any time.

a.     Unless a prompt challenge to a **Designating Party's Confidential** or **Attorneys' Eyes Only** designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or significant disruption or delay of the litigation, a **Party** does not waive its right to challenge a **Confidential** or **Attorneys' Eyes Only** designation by electing not to mount a challenge promptly after the original designation is disclosed. However, the **Parties** agree that all challenges to a **Designating Party's Confidential** or **Attorneys' Eyes Only** designations of materials produced in this litigation, including transcripts and productions from non-parties, must be communicated to the Court no later than the expert discovery cut-off deadline in the case management schedule ordered in this action.

b.     The **Party** challenging a **Confidential** or **Attorneys' Eyes Only** designation (the "**Challenging Party**") shall initiate the dispute resolution process by providing written notice of each designation it is challenging whereupon the **Designating Party** must set forth the basis of the **Confidential** or **Attorneys' Eyes Only** designation within seven (7) days. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to **Confidential** or **Attorneys' Eyes Only** designation(s) is being made. The Parties shall attempt to resolve each challenge in good faith and must begin this process by conferring directly (in voice-to-voice dialog; other forms of communications are not sufficient) within seven (7) days of the date of service of the initial notice. In conferring, the **Designating Party** must explain the basis for its belief that the **Confidential** or **Attorneys' Eyes Only** designation was proper whereupon the **Challenging Party** must explain the basis for any challenge to the designation. After having an opportunity to review the challenge and the designated material, the **Designating Party** must either withdraw or maintain the designation.

c.      If an informal resolution cannot be reached, it shall be the burden of the **Challenging Party**, in the case of **Confidential** material, or the **Designating Party,** in the case of **Attorneys' Eyes Only** material, to seek any appropriate relief under LR 26-6 within seven (7) days of a declaration of impasse by the **Challenging Party**. All **Parties** shall continue to afford the material in question the level of protection to which it is entitled under the **Designating Party's** designation while any challenge or subsequent motion is pending. The burden of persuasion in any such proceeding shall be on the **Designating Party**. All **Parties** agree to abide by the resolution determined by the Court.  A failure by burdened **Party** to seek appropriate relief under LR 26-6 within the prescribed time period shall result in a waiver of that **Party's** designation of **Confidential** or **Attorneys' Eyes Only**.

10.     All writings submitted to or filed with the Court in connection with any pre-trial proceedings which contain, set forth, summarize or otherwise disclose **Confidential Documents** or **Attorneys' Eyes Only Material** shall be filed under seal and such **Documents** shall not be publicly available, except by further order of this Court. The **Parties** acknowledge Local Rule IA 10-5 governs the filing of **Documents** under seal.

11.     At the trial of this cause, the **Parties** agree that the protection of the confidentiality of **Confidential Documents** and/or **Attorneys' Eyes Only Material** shall continue to the maximum extent permitted by the Court, pursuant to such procedures as the Court may require.

12.     If any **Party** or **Person** that has obtained **Confidential Documents** or **Attorneys' Eyes Only Material** under the terms of this Order receives a subpoena or other legal process commanding the production of any such **Confidential Documents** or **Attorneys' Eyes Only Material** ("the Subpoena"), such **Party** or **Person** shall promptly notify the **Designating Party** of the service of the Subpoena.  The **Party** or **Person** receiving the Subpoena shall not produce any **Confidential Document** or **Attorneys' Eyes Only Material** in response to the Subpoena without either the prior written consent of the **Producing Party**, or an order of a court of competent jurisdiction.  However, the **Producing Party** in such case shall have the burden of seeking a court order relieving the subpoenaed **Party** or **Person** of the obligations of the Subpoena prior to the

return date of such Subpoena, or the subpoenaed **Person** or **Party** shall be relieved of its obligations under this paragraph.

13.     The inadvertent production in the course of discovery in this action of any **Document** or information (whether designated as **Confidential** or **Attorneys' Eyes Only** or not) shall not be deemed to waive whatever attorney-client privilege, work product protection, or other privilege or immunity that would otherwise attach to the **Document** or information produced or to other **Documents** or information, as long as the **Producing Party** or **Person**, promptly after discovery of the inadvertent production, notifies the other **Party** or **Parties** of the claim of privilege or other protection or immunity. When a **Producing Party** gives notice to **Receiving Parties** that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the **Receiving Parties** are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in any e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the **Parties** reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the **Parties** may incorporate their agreement in this Order submitted to the Court.

14.     The terms of this Order are applicable to information produced by a **Non-Party** in this action and designated as **Confidential** and/or **Attorneys' Eyes Only**. Such information produced by **Non-Parties** in connection with this litigation is protected by the remedies and relief provided by this Order, and shall not be **Communicated** in any manner to anyone other than those **Persons** identified in Paragraph 5 for **Confidential Documents** or under Paragraph 6 for **Attorneys' Eyes Only Material**, without order of the Court after due notice to the **Non-Party**. Nothing in these provisions should be construed as prohibiting a **Non-Party** from seeking additional protections.

15.     In the event that a **Producing Party** is required, by a valid discovery request from a **Requesting Party**, to produce a **Non-Party**'s confidential information in its possession, and the **Producing Party** is subject to an agreement with the **Non-Party** to not produce the **Non-Party**'s confidential information entered before this action commenced, then the **Producing Party** shall:

a.      Promptly notify in writing the **Requesting Party** and the **Non-Party** that some or all of the information requested is subject to a confidentiality agreement with a **Non-Party**, including identifying that confidentiality agreement and providing a copy of that confidentiality agreement to the **Requesting Party**;

b.      Promptly provide the **Non-Party** with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c.      Make the information requested available for inspection by the **Non-Party**. If the **Non-Party**, or the **Producing Party** on the **Non-Party**'s behalf, fails to object or seek a protective order from this Court within fourteen (14) calendar days' notice to the **Non-Party** of the discovery request**,** the **Producing Party** may produce the **Non-Party**'s confidential information responsive to the discovery request. If the **Non-Party**, or the **Producing Party** on the **Non-Party**'s behalf, timely objects, the **Producing Party** shall not produce any information in its possession or control that is subject to the confidentiality agreement with the **Non-Party** before a determination by the Court.[1] If an informal resolution cannot be reached, it shall be the burden of the **Requesting Party** to seek any appropriate relief under LR 26-6. The burden of persuasion in any such proceeding shall be on the **Non-Party**. Frivolous objections to legitimate discovery requests may subject a **Non-Party** to sanctions.

16.     If a **Receiving Party** learns that, by inadvertence or otherwise, it has disclosed **Confidential Documents** or **Attorneys' Eyes Only Material** to any person or in any circumstances not authorized under this Stipulated Protective Order, the **Receiving Party** must as soon as practicable: (a) notify in writing the **Designating Party** of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit "A."

---

[1] The purpose of this provision is to alert the interested **Parties** to the existence of confidentiality rights of a **Non-Party** and to afford the **Non-Party** an opportunity to protect its confidentiality interests in this Court.

17.     The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a **Receiving Party** or becomes part of the public domain after its disclosure to a **Receiving Party** as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the **Receiving Party** prior to the disclosure or obtained by the **Receiving Party** after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the **Designating Party;** and (c) a **Party's** use of its own **Confidential Documents** and information.

18.     Within ten (10) days after the **Conclusion of this litigation**, unless the Court orders otherwise, Counsel for any **Party** who receives **Confidential Documents** or **For Attorneys' Eyes Only Material**  from the other **Party** shall notify in writing Counsel for the other **Party** of the total number of Exhibit A's Counsel caused to be executed pursuant to Paragraph 5(d).

19.     Within twenty-one (21) days after the **Conclusion of this litigation,** unless the Court orders otherwise, Counsel for any **Party** who received **Confidential Documents** or **Attorneys' Eyes Only Material** shall request from all **Persons** to whom **Confidential Documents** and **Attorneys' Eyes Only Material** have been provided an affidavit in the form of Exhibit B hereto. The request shall include notification to the recipients that the litigation has concluded. **Copies** of such requests shall be sent to the other **Party.**

20.     Within twenty-one (21) days of receipt of notice of the **Conclusion of this litigation,** each **Covered Person** under Paragraph 5(d) of this Order shall:

a.     Return to the counsel that disclosed **Confidential Documents** or **For Attorneys' Eyes Only Material** to them and all documentary materials reflecting same which are in his/her possession, custody or control; and

b.     serve upon the disclosing counsel an affidavit in the form of Exhibit B, attesting that he/she has returned all **Confidential Documents** and **For Attorneys' Eyes Only Material.**

21.     Unless the Court orders otherwise, within sixty (60) days after the **Conclusion of this litigation**, every counsel who has received the **Confidential Documents** or **Attorneys' Eyes Only Material** of another **Party** shall:

a.     Return the original **Confidential Documents** or **Attorneys' Eyes Only Material** provided by the **Producing Party** which are in the possession, custody or control of such counsel; and

b.     destroy such documentary materials reflecting information contained in or derived from **Confidential Documents or Attorneys' Eyes Only Material** provided by the **Producing Party** which are in the possession custody or control of such counsel, and notify counsel for the **Producing Party** in writing that such action has been taken;

c.     file under seal, all original executed affidavits received; and

d.     inform counsel for the **Producing Party** in writing of the identity of any **Confidential Documents** or **Attorneys' Eyes Only Material** contained in or derived from such **Documents,** known to such counsel, which have *not* been returned and/or destroyed in the manner required by this Order, and the identity of any **Person** who has failed to return each such **Confidential Document,** item of **Confidential Information,** and/or **Attorneys' Eyes Only Material**.

22.     Nothing in this Order shall limit or otherwise affect:

a.     The rights of any **Party** to object to any further production or use at trial of **Confidential Documents** or **Attorneys' Eyes Only Material** or the information contained therein; or

b.     the rights of any **Party** to seek a more restrictive treatment of highly **Confidential Information** or **Attorneys' Eyes Only Material**.

23.     At the **Conclusion of this litigation,** the Court shall retain jurisdiction in the case for enforcement of this Order. At the **Conclusion of this litigation,** counsel for a **Producing Party** shall not be entitled to inspect and **Copy** those **Documents** previously filed under seal with the Court pursuant to this Order unless the Court determines the **Producing Party** has shown "Good Cause" to inspect and **Copy** said materials. An example of "Good Cause" may include the **Producing Party's**

documentation of a violation of this Order by submitting an affidavit to the Court showing that not all of the **Documents** covered by this Order were returned or destroyed as provided by this Order. "Good Cause" may also include a **Producing Party's** documentation of a violation of this Order by submitting an affidavit to the Court showing that the **Documents** governed by this Order were being utilized in a manner not permitted by this Order. At least ten (10) days prior to any hearing on the issue of whether a **Producing Party** has shown "Good Cause," the **Producing Party** shall notify in writing all counsel of record of the **Producing Party's** attempt to establish "Good Cause" with the Court so as to permit the **Producing Party** to inspect and **Copy** those materials previously filed under seal with the Court.

24.     By their signature upon the stipulation for the entry of this Order and their signatures below, counsel for the **Parties** signify their understanding of this Order and their agreement to abide by its terms unless and until it is modified or superseded by further order of this Court. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to and distribution of **Copies** of **Confidential Information** and **Attorneys' Eyes Only Material** and to collect or destroy all **Documents** at the **Conclusion of this litigation**. Nothing in this Stipulation shall restrict the right of counsel to any **Party** in this litigation to retain copies of all pleadings and work files generated in the course of this litigation, including after the **Conclusion of this litigation**.

25.     Designation of a **Document** as "**Confidential**" as defined in Paragraph 1, or designation of a **Document** as "**Attorneys' Eyes Only**" as defined in Paragraph 2, shall not waive the rights of any **Party** to argue, in Court hearings or trial for the above captioned matter, that the **Document** designated as **Confidential or Attorneys' Eyes Only** is not legally **Confidential** and/or a trade secret. Unless the parties agree otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose. Nothing in this Protective Order shall operate as an admission that any particular document or item of information is, or is not, admissible in evidence at the trial of this action.

1    DATED:  September 16, 2020

2    Respectfully submitted,

3  CARLSON CALLADINE & PETERSON LLP    MESSNER REEVES LLP

4  By: ___/s/ Joyce C. Wang_____        By: ___/s/ Renee M. Finch_____

5       Joyce C. Wang                                          Renee M. Finch

6
   Attorneys for Defendant                    Renee M. Finch
7  AFFILIATED FM INSURANCE COMPANY            Nevada State Bar 13118
                                              Messner Reeves LLP
8                                             8945 W. Russell Road, Suite 300
                                              Las Vegas, NV 89148
9                                             Phone: (702) 363-5100
                                              Email: rfinch@messner.com
10
                                              Michael S. Levine (pro hac vice forthcoming)
11                                            Hunton Andrews Kurth LLP
                                              2200 Pennsylvania Ave. NW
12                                            Washington, DC 20037
                                              Phone: (202) 955-1500
13                                            Email: mlevine@hunton.com

14                                            Kevin V. Small (pro hac vice forthcoming)
                                              Hunton Andrews Kurth LLP
15                                            200 Park Ave, 52 Fl.
                                              New York, NY 10166
16                                            Phone: (212) 309-1226
                                              Email: ksmall@hunton.com
17
                                              Harry L. Manion, III (pro hac vice forthcoming)
18                                            Christopher Cunio (pro hac vice forthcoming)
                                              Hunton Andrews Kurth LLP
19                                            60 State Street, Suite 2400
                                              Boston, MA 02109
20                                            Phone: (617) 648-2800
                                              Fax: (617) 433-5022
21                                            Email: hmanion@hunton.com
                                              Email: ccunio@hunton.com
22
                                              Attorneys for Plaintiff
23                                            TREASURE ISLAND, LLC

24

25

26

27

28

1
2
3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

4
5
6
7

| | |
|---|---|
| TREASURE ISLAND, LLC, | ) **Case No.: 2:20-cv-00965-JCM-EJY** |
| *Plaintiff,* | ) |
| vs. | ) **EXHIBIT A TO STIPULATION** |
| | ) **FOR PROTECTIVE ORDER** |
| AFFILIATED FM INSURANCE COMPANY, | ) |
| *Defendant.* | ) Judge:          Hon. James C. Mahan |
| | ) Complaint filed:   May 28, 2020 |
| | ) |

The undersigned states subject to the penalties for perjury:

1.    I was retained by a party to this litigation or by a party's counsel of record to offer analysis or advice, either as an expert witness or a consultant.

2.    I have been furnished a copy of the Protective Order entered in this case restricting the use of **Confidential** and **Attorneys' Eyes Only** information.

3.    I promise to abide by the Protective Order with respect to **Confidential** and **Attorneys' Eyes Only** documents and information furnished to me in this litigation.

4.    I recognize that abiding by the Protective Order in this litigation mandates that any and all **Confidential** information, documents or material be used only for the purpose of the prosecution or defense of this captioned action, and that use of such **Confidential** and **Attorneys' Eyes Only** information, documents or material for any other purposes or in any other contexts might subject me to liability to the **Producing Party** and/or others.

5.    As a condition to receipt of documents marked **Confidential** and **Attorneys' Eyes Only** in this litigation, I consent to personal jurisdiction over me in the United States District Court, District of Nevada, solely for the purpose of enforcing the Protective Order.

Dated: _____, 20___          Signed: _____

_____

Print Name

_____

Street Address

_____

City, State, Zip Code

STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER; CASE No.:  2:20-cv-00965-JCM-EJY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TREASURE ISLAND, LLC, | ) **Case No.:  2:20-cv-00965-JCM-EJY** |
| *Plaintiff,* | ) |
| | ) |
| vs. | ) **EXHIBIT B TO STIPULATION** |
| | ) **FOR PROTECTIVE ORDER** |
| AFFILIATED FM INSURANCE COMPANY, | ) |
| | ) Judge:          Hon. James C. Mahan |
| *Defendant.* | ) Complaint filed:  May 28, 2020 |
| | ) |

The undersigned states subject to the penalties for perjury:

1.     I was retained by a party to this litigation or by a party's counsel of record to offer analysis or advice, either as an expert witness or a consultant.

2.     I have been furnished a copy of the Protective Order entered in this case restricting the use of confidential information.

3.     I have received notice that this litigation has concluded.

4.     I certify that I have [destroyed] [returned] all of the documents protected by the Protective Order, including the documentary materials reflecting information contained in or derived from such documents.

Dated: _____, 20____          Signed: _____

_____

Print Name

_____

Street Address

_____

City, State, Zip Code

1

## [PROPOSED] ORDER

2

3        Good cause appearing, **IT IS SO ORDERED** that the parties' Stipulation and Protective

4   Order filed on _____, 2020, is **APPROVED** in its entirety.

5

6

7

8   Dated: _____        _____

9                                                    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER; CASE No.:  2:20-cv-00965-JCM-EJY

1

## <u>CERTIFICATE OF SERVICE</u>

2   The undersigned counsel hereby certifies that on September 16, 2020, a true and correct copy

3   of the **STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER** was

4   electronically filed with the Clerk of Court via the Court's CM/ECF System and will be sent

5   electronically to all registered participants as identified on the Notice of Electronic Filing.

6

7   By: _/s/ *Joyce C. Wang*_____

8   JOYCE C. WANG (*pro hac vice*)
    (CA SBN 121139 )

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28