UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TREASURE ISLAND, LLC, | Case No. 2:20-cv-00965-JCM-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| AFFILIATED FM INSURANCE COMPANY, | |
| Defendant. | |

Presently before the Court are Defendant's Motion for a Protective Order Under FRCP 26(c) (ECF No. 52), Defendant's Motion to Modify the Discovery Schedule (ECF No. 57), and Defendant's Motion for Temporary Stay of Examinations Pending Resolution of Motions (ECF No. 58).[1] Defendant filed these three near-identical Motions on an emergency basis pursuant to Local Rule ("LR") 7-4.

Emergency motions are rare and disfavored because of the "numerous problems they create for the opposing party and the court in resolving them." LR 7-4(b); *Cardoza v. Bloomin' Brands, Inc.*, 141 F.Supp.3d 1137, 1140 (D. Nev. 2015). Generally, an emergency motion is properly presented to the Court only when the movant demonstrates (1) it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule, and (2) it is without fault in creating the crisis that requires emergency relief or that the crisis occurred because of excusable neglect. *Cardoza*, 141 F.Supp.3d at 1140. "When such prejudice is absent, sufficient justification for bypassing the default briefing schedule does not exist and the request may be properly decided on a non-expedited basis." *Id*. at 1142-1143. The Court has sole discretion to determine whether a matter submitted as an "emergency" is, in fact, an emergency. LR 7-4(c).

Defendant requests its Motions be heard on an emergency basis because Plaintiff served three deposition notices on "December 4, 2020 noticing depositions of [Defendant's] witnesses for

---

[1] Defendant initially submitted these three filings as one Motion at ECF No. 52. After the Clerk of Court advised defense counsel that separate documents must be filed for each request or purpose, Defendant filed two additional Motions (ECF Nos. 57 and 58) that are also presently before the Court.

1

December 18, 2020 and December 21, 2020 despite [Defendant's] pending" Motion for Partial Judgment on the Pleadings (ECF No. 42) and Motion to Stay Discovery (ECF No. 44), as well as Plaintiff's pending Motion to Compel (ECF No. 40).  ECF Nos. 52, 57, and 58 at 2.

With respect to Defendant's Motion for Protective Order (ECF No. 52) and Motion for Temporary Stay of Examinations (ECF No. 58), the Court acknowledges that Defendant may be without fault in creating this dispute, as Plaintiff served its deposition notices just seven days ago.  However, Defendant fails to satisfy the substantive requirements of filing an emergency motion because it does not discuss how it will be irreparably prejudiced unless its Motions are heard on an expedited basis.  *Cardoza*, 141 F.Supp.3d at 1142-43.  In fact, although Defendant represents that Plaintiff "declined to modify the schedule or postpone the depositions until the [Motion for Partial Judgment on the Pleadings, Motion to Stay Discovery, and Motion to Compel] are decided" (*id.*), it also states that Plaintiff has "agreed to reschedule the depositions until early January[] 2021, and to take them remotely."  ECF Nos. 57 and 58 at 2.  Given these facts, the Court cannot find emergency review of the Motion for Protective Order necessary.  Nonetheless, as stated below, the parties are ordered to reschedule the depositions to the week of January 18, 2021.  The Court also issues a shortened briefing schedule that will allow the matter to be heard before the first deposition is to occur.

Turning to the Motion to Modify the Discovery Schedule, Defendant maintains Plaintiff "cites the upcoming discovery cutoff as the reason the depositions are necessary at this time."  ECF Nos. 57 at 3.  Discovery is set to close in this matter on January 15, 2021.  ECF No. 34 at 2.  The Court extends the discovery period to January 22, 2021 to allow for the briefing of the presently pending motions, a decision on the same, and, if appropriate, the taking of the depositions as stated above.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for a Protective Order Under FRCP 26(c) (ECF No. 52), Defendant's Motion to Modify the Discovery Schedule (ECF No. 57), and Defendant's Motion for Temporary Stay of Examinations Pending Resolution of Motions (ECF No. 58) are GRANTED in PART and DENIED in PART.

IT IS FURTHER ORDERED that the parties shall reschedule the depositions at issue for the week of January 18, 2021.

IT IS FURTHER ORDERED that Plaintiff shall file its responses to Defendant's Motions on or before December 21, 2020. Defendant shall file its replies on or before December 30, 2020.

IT IS FURTHER ORDERED that the discovery period is presently extended in this matter to January 22, 2021, solely for the purpose of allowing Plaintiff to potentially conduct the depositions, now set for December 18, 2020 and December 21, 2020, during the week of January 18, 2021.

The Court shall either issue an order or set a hearing before the week of January 18, 2021 to resolve the issues presented.

DATED THIS 11th day of December, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE