UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TREASURE ISLAND, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AFFILIATED FM INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:20-cv-00965-JCM-EJY<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to File Under Seal (ECF No. 88), which seeks to seal the portions of its Third Motion to Compel and the entirety of the exhibits thereto (ECF No. 89). No response to this Motion was filed.

As the party seeking to seal a judicial record, Plaintiff must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

Here, Plaintiff's Motion asks the Court to issue an order sealing the unredacted version of its Third Motion to Compel because it seeks production of documents relevant to Defendant's responses to Plaintiff's First Set of Interrogatories "which were identified through the testimony of Defendant['s] … witness." ECF No. 88 at 2. Plaintiff further states that pursuant to the parties' stipulated protective order, the Motion and exhibits "summarize or otherwise disclose Confidential Documents or Attorney's Eyes Only Material" and, therefore, are properly sealed. *Id*.

A review of ECF No. 89, the redacted Third Motion to Compel, which Plaintiff filed under seal, should *not* have been filed under seal. The exhibits to the Third Motion to Compel are *not*

redacted, and also filed under seal. However, the entirety of these exhibits need not be sealed. Moreover, Plaintiff refiled its unredacted Third Motion to Compel under seal at ECF No. 139, as was ordered by the Court; however, the exhibits attached to ECF No. 139 are *not* identical to the exhibits attached to ECF No. 89. This difference is troubling to the Court.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to File Under Seal (ECF No. 88) is DENIED.

IT IS FURTHER ORDERED that ECF No. 89, the redacted version of the Third Motion to Compel shall be unsealed.

IT IS FURTHER ORDERED that Exhibits 2 through 6 attached to the Third Motion to Compel (ECF No. 89) shall remain temporarily sealed.

IT IS FURTHER ORDERED that Plaintiff shall succinctly, but clearly, file a Report with the Court within five (5) court days of the date of this Order, explaining the difference between the exhibits attached to ECF Nos. 89 and 139. This explanation shall identify which exhibits are properly attached to the Third Motion to Compel.

IT IS FURTHER ORDERED that Plaintiff shall review the exhibits it has filed in support of its Third Motion to Compel and seek to seal only those exhibits or portions of exhibits that should be sealed. For example, interrogatory and document requests are not ordinarily properly sealed, while a response to such requests may be properly sealed in whole or in part. Plaintiff shall then refile the exhibits that are *properly* attached to the Third Motion to Compel, as identified in the Report, as follows: (i) redacted *not under seal* with the document titled "Revised Exhibits to Third Motion to Compel – Redacted," and (ii) unredacted *under seal* with the document titled "Revised Exhibits to Third Motion to Compel – Under Seal." Plaintiff shall accomplish these filings within ten (10) court days of the date of this Order.

IT IS FURTHER ORDERED that cover pages to exhibits are *not* exhibits and shall *not* be filed as such or under seal.

IT IS FURTHER ORDERED that Plaintiff shall make *all* efforts to file future documents properly.

DATED this 25th day of May, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE