UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TREASURE ISLAND, LLC,

      Plaintiff,

    v.

AFFILIATED FM INSURANCE COMPANY,

      Defendant.

Case No. 2:20-cv-00965-JCM-EJY

**ORDER**

Before the Court is Defendant's Revised Motion to File Under Seal (ECF No. 189) seeking to file the unredacted version of its Memorandum of Points & Authorities Regarding Attorney-Client Privilege and Declaration of Mark Roberts, including exhibits, under seal (ECF No. 190). Defendant filed a redacted version of its Memorandum of Points & Authorities Regarding Attorney-Client Privilege and Declaration of Mark Roberts, including exhibits, in the public record at ECF No. 188. A sealed version of the Motion at issue was previously filed at ECF No. 181. A comparison of ECF Nos. 181 and 190 shows the Memorandum and Declarations of Mark Roberts are identical; however, Exhibit A to Roberts' Declarations are not identical. This is a problem.

As the party seeking to seal a judicial record, Defendant must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

Here, a review of Defendant's sealed Memoranda (ECF Nos. 181 and 190) and sealed versions of the Declaration of Mark Roberts (ECF Nos. 181-1 and 190-1) reference confidential and proprietary information that is properly sealed. However, Exhibit A to these filings are not identical

and, as previously stated, ordinary retention letters and terms and conditions of retention are not generally sealed in their entirety.  ECF No. 186.  The Court therefore holds in abeyance its determination of whether Exhibit A or any portion thereof is properly sealed.

Accordingly, IT IS HEREBY ORDERED that Defendant's Revised Motion to File Under Seal (ECF No. 189) is GRANTED in part.

IT IS FURTHER ORDERED that ECF Nos. 190, and 190-1 pages 1 through 3 shall remain sealed.

IT IS FURTHER ORDERED that ECF No. 190-1, pages 5-9 shall be temporarily sealed.

IT IS FURTHER ORDERED that Defendant shall do one of the following within five days of the date of this Order: (1) file an errata to ECF No. 190-1 such that Exhibit A to the Declaration of Mark Roberts is identical to Exhibit A to the Declaration of Mark Roberts attached to ECF No. 181-1; or (2) file a clear and simple explanation for why Exhibit A to the Declarations of Mark Roberts are not identical as attached respectively to ECF Nos. 181-1 and 190-1.  Plaintiff shall also identify which Exhibit A is the proper exhibit for the Court to consider.

Defendant is further advised that this is not its first error made with respect to filing sealed documents.  Careful attention **must** be paid going forward such that the Court need not ferret out what Defendant has done wrong.

DATED this 5th day of August, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE