UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TREASURE ISLAND, LLC, | Case No. 2:20-cv-00965-JCM-EJY |
| Plaintiff, | |
| v. | ORDER |
| AFFILIATED FM INSURANCE COMPANY, | |
| Defendant. | |

      Pending before the Court is Plaintiff Treasure Island, LLC's Second Motion to File Under Seal (ECF No. 248). The Second Motion seeks to seal Exhibit A "and the description of the contents of the documents in ECF No. 243 and 243-1." *Id*. at 1. Treasure Island does not identify the pages or lines of additional text it wants sealed in those documents, but sent the Court on a truffle searching mission that was the party's job, not the Court's job. The Court will not do this again. If either party fails to identify exactly what it wants to seal or redact, the Court will be inclined to deny the request.

      As the party seeking to seal a judicial record, Plaintiff must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). But, "Plaintiff may not simply rely on the Stipulated Protective Order … to justify sealing documents filed in the record under seal." *Heath v. Tristar Products, Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *1 (D. Nev. Apr. 17, 2019) discussing and *citing Foltz*, 331 F.3d at 1133 (reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992)

1  (blanket stipulated protective orders are over inclusive by nature and do not include a finding of
2  "good cause").

3  Here, a review of the request and the reason for the request to seal Exhibit A arises from a
4  sister case in another district in which Defendant has now identified this document as confidential.
5  Treasure Island seeks to seal the document until such time as the court in the sister matter rules on
6  the confidentiality of the information. ECF No. 248 at 1-2. Presumably, this same argument is the
7  basis for the redactions requested. Exhibit A shall be temporarily sealed. The redactions on page 3
8  of 248-1, lines 14-15, beginning with the words "AFM therefore" and ending with the words "at
9  Treasure Island" are not confidential, proprietary or otherwise appropriately sealed. The redactions
10 preceding this sentence will be temporarily sealed. The additional text redacted at ECF No. 248-1, at 10,
11 lines 9-14 are properly temporarily sealed; whereas, line 16 is not.

12 Accordingly, IT IS HEREBY ORDERED that Treasure Island, LLC's Second Motion to File
13 Under Seal (ECF No. 248) is GRANTED in part and DENIED in part.

14 IT IS FURTHER ORDERED that Treasure Island shall, no later than March 25, 2022, refile
15 a version of its Motion for Leave to File Notice of Supplemental Evidence in the public record
16 redacting only those pages and lines previously Ordered (*see* ECF No. 247) and the temporary
17 redactions described above. As there is already a sealed version of the Motion for Leave to File
18 Supplement Evidence (ECF No. 244) containing no redactions, that document need not be filed.

19 IT IS FURTHER ORDERED that upon refiling the redacted version of the Motion for Leave
20 to File Supplement Evidence, Treasure Island shall also seek to strike the redacted version or
21 versions of this document that are no longer operative.

22 DATED this 18th day of March, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE