UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TREASURE ISLAND, LLC, | Case No. 2:20-CV-965 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| AFFILIATED FM INSURANCE COMPANY, | |
| Defendant(s). | |

Presently before the court is the matter of *Treasure Island, LLC v. Affiliated FM Insurance Company*, case number 2:20-cv-00965-JCM-EJY.

The docket in this matter contains four primary pending motions: defendant Affiliated FM Insurance Company's ("AFM") motion for judgment on the pleadings (ECF No. 42), plaintiff Treasure Island, LLC's ("Treasure Island") motion for leave to amend/correct its complaint (ECF No. 85), Treasure Island's motion for partial summary judgment (ECF Nos. 205; 206), and AFM's motion for summary judgment (ECF No. 210). However, these motions have spawned dozens of docket entries including motions for leave to supplement authority (*see, e.g.*, ECF Nos. 51, 83, 92, 113, 119, 230, 231, 235), motions to strike[1] (*see, e.g.*, 214, 215, 216), and requests for judicial notice (*see, e.g.*, ECF Nos. 211; 213).

Upon review, it is apparent that all the primary motions concern similar issues[2] as those currently being considered by the Ninth Circuit on appeal from a substantially similar case in this

---

[1] Which are improperly filed as responses and objections to specific exhibits.

[2] To wit—whether an airborne virus can cause "direct physical loss or damage" to a business property, and if so, whether a virus exclusion clause in an insurance contract precludes coverage. (*See* ECF Nos. 42 at 15; 85 at 3–4; 205 at 22; 210 at 20).

James C. Mahan
U.S. District Judge

district. *See Circus Circus LV, LP v. AIG Specialty Ins. Co.*, Ninth Cir. Case No. 21-15367 (argued and submitted as of March 9, 2022). Thus, the court finds that the most judicially economical way to manage this matter is to exercise its inherent power to manage the docket, deny the pending motions without prejudice, and stay these proceedings until the Ninth Circuit issues its decision in *Circus Circus*.

It is well established that district courts have the inherent power to control their dockets and manage their affairs; that includes the power to strike or deny motions to streamline motion practice and promote judicial efficiency, and to stay proceedings pending the resolution of other relevant matters. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010); *Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983).[3]

In determining whether to stay a case, courts weigh interests such as the hardship or inequity parties may suffer in being required to move forward with the case, and the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (citation omitted).

Here, the Ninth Circuit heard oral argument for *Circus Circus* on March 9, 2022, and the case was submitted for consideration; therefore, a decision is likely imminent. Considering the parties' overreliance on supplemental authorities,[4] a stay pending that decision would not impose further hardship or inequity. Conversely, the orderly course of justice favors a stay to receive important and material guidance from the Ninth Circuit that will simplify the issues and

---

[3] "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Mediterranean Enters.*, 708 F.2d at 1465.

[4] Including this court's decision in *Circus Circus LV, LP v. AIG Specialty Ins. Co.*, Case No. 2:20-cv-01240-JAD-NJK, ECF No. 72 (D. Nev. Mar. 3, 2021).

**James C. Mahan**
**U.S. District Judge**

- 2 -

questions of law before the court.[5]  Therefore, the court STAYS this matter until the Ninth Circuit issues its decision in *Circus Circus*.

When the stay is lifted, the court will not entertain the kind of motion practice that led to this order.  Therefore, when the stay is lifted, the parties shall have leave to file one (1) renewed motion for summary judgment each, according to the following instructions:

1. Requests for judicial notice shall be contained within the summary judgment briefs themselves—not framed as separate motions or requests.
2. Local Rule 7-3's page limits apply; 30 pages per motion and response, 20 pages per reply.  No requests to exceed page limits will be granted, nor leave to file surreplies and supplemental authorities.
3. Local Rule 7-4(b)'s response and reply deadlines apply; 21 days to respond, 14 days to reply.  No requests to extend those deadlines will be granted.
4. Any supporting affidavits or declarations, and any certificate of service, must be filed with the motion, response, or reply; they should not be filed as separate documents.
5. Any requests to strike supporting evidence, affidavits, or declarations must be contained within the relevant response or reply.  Consequently, no new supporting documents may be offered along with a reply.
6. The parties must heed Local Rule 10-3(h)'s admonition that exhibits must not be "unnecessarily voluminous."

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED, that this case is STAYED.  The stay will automatically lift upon the issuance of the Ninth Circuit's decision in *Circus Circus v. AIG Specialty Ins. Co.*, Ninth Cir. Case No. 21-15367.

IT IS FURTHER ORDERED that all pending motions (ECF Nos. 42, 51, 83, 85, 92, 113, 119, 205, 206, 210, 230, 231, 235, 243, 244) are DENIED without prejudice.

---

[5] The *Circus Circus* appeal is particularly relevant since it will be the first time the Ninth Circuit analyzes an insurance contract in light of a COVID-19 business interruption claim *under Nevada law*.  *See Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885 (9th Cir. 2021); *Selane Prods., Inc. v. Cont'l Cas. Co.*, 2021 WL 4496471 (9th Cir. Oct. 1, 2021); *Chattanooga Prof'l Baseball LLC v. Nat'l Cas. Co.*, 2022 WL 171936 (9th Cir. Jan. 19, 2022).

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that, pursuant to Local Rule 16-5, this matter is REFERRED to Magistrate Judge Cam Ferenbach for a settlement conference to be set after the stay is lifted. If no settlement is reached, the parties have leave to file their renewed motions for summary judgment that comply with the limitations above within thirty (30) days of the conference.

DATED March 23, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**