UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TREASURE ISLAND, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AFFILIATED FM INSURANCE COMPANY, <br><br> Defendant. | Case No. 2:20-cv-00965-JCM-EJY <br><br><br> **ORDER** |

Before the Court is Plaintiff Treasure Island, LLC's ("Treasure Island" or "Plaintiff") Motion for Sanctions (ECF No. 266). The Court reviewed Plaintiff's Motion, Defendant Affiliated FM Insurance Company's ("AFM" or "Defendant") Response (ECF No. 267), and Plaintiff's Reply (ECF No. 275).

**I.   Background**

The issue in this case pertains to whether Plaintiff's insurance covers loss arising from the COVID-19 pandemic. In the instant Motion Plaintiff argues Defendant failed to produce that portion of its claims manual in which the text of a loss code (Loss Code 60) applicable to communicable diseases appears. Defendant did not produce the code or the text of the code asserting Plaintiff's insurance claim was treated as a Communicable Disease and no other claim codes were relevant. Plaintiff argues Loss Code 60 "was not *just* for communicable disease but for *[p]hysical loss or damage* which results from the actual presence of a communicable disease and the associated business interruption as defined in the policy." ECF No. 266 at 4 (emphasis in original). Plaintiff discovered the text of Loss Code 60 when Defendant's sister company produced an email (the "Wing Email") in a case pending in the Eastern District of Texas.[1] *Id.* at 4. Plaintiff seeks sanctions under Rule 37 and the Court's inherent authority based on Defendant's discovery conduct. *Id.* at 6-10.

---

[1]   Loss Code 60 states: "Physical loss or damage which results from the actual presence of a communicable disease and the associated business interruption as defined in the policy." ECF No. 266-1 at 2.

Defendant argues in opposition that Plaintiff's Motion is untimely; however, even if the Motion is timely the issue Plaintiff presents is a disagreement pertaining to what constitutes relevant evidence. ECF Nos. 250, 267 at 2-5. Defendant demonstrates it never stated that Loss Code 60 did not exist but only that it produced all relevant sections of its claims manual contending anything more was disproportionate to the needs of the case. ECF No. 267 at 5-6. Defendant argues the holding from the Eastern District of Texas in *Cinemark Holdings, Inc. v. Factory Mutual Insurance Co.*, Case No. 4:21-cv-00011, 2023 WL 2588548, at *10 (E.D. Tex. Mar. 21, 2023)[2] confirms that COVID-19 "does not cause physical harm or damage to property as a matter of both law and common sense." *Id.* at 8 (internal quotations omitted). Defendant says it never contended a communicable disease could not cause physical damage; rather, only "that COVID-19 does not cause 'physical loss or damage." *Id.* at 9 (emphasis in original).

Defendant further argues the sanctions Plaintiff requests are disproportionate to the alleged wrongful conduct. *Id.* at 10-11. Defendant returns to its theme that this is a disagreement over relevance and contends the sanctions Plaintiff seeks are extreme given that Plaintiff had the Loss Code information at issue for over a year before Plaintiff filed its Motion. *Id.* Defendant submits the test applicable to an award of case dispositive sanctions requires less drastic sanctions be considered and rejected first. *Id.* Defendant contends Plaintiff's request to inform the jury of misconduct is unsupported. *Id.* at 11.

In Reply Plaintiff argues its requests are proportionate, and Defendant offers no legitimate justification for its misrepresentations as to the relevance of Loss Code 60. ECF No. 275 at 3-7. Plaintiff argues its Motion was timely brought. *Id.* at 8-10.

**II.   Discussion**

   A.   Plaintiff's Motion was Timely Filed.

There is no dispute Treasure Island has been in possession of the "Wing Email," produced in the *Cinemark* case, since at least March 15, 2022, when Treasure Island filed its Motion for Leave to File Notice of Supplemental Evidence. *See* ECF Nos. 244 at 3; 267 at 4. There is also no dispute

---

[2] *Cinemark Holdings, Inc. v. Factory Mutual Insurance Co.*, Case No. 4:21-cv-00011, 2023 WL 2588548, at *10 (E.D. Tex. Mar. 21, 2023) is hereinafter defined as "*Cinemark*."

that Defendant did not file its instant Motion until June 26, 2023. However, the intervening facts demonstrate a good reason for Defendant's delay. First, the Court stayed this case on March 23, 2022, very shortly after Plaintiff received the Wing Email. ECF No. 250. The Ninth Circuit issued its opinion that prompted the stay on April 15, 2022. ECF No. 253. The Court's Order staying the case made clear that once the stay was lifted, the Court would refer the case to Magistrate Judge Ferenbach for a settlement conference. ECF No. 250 at 4. Unfortunately, the referral to a settlement conference did not occur until February 22, 2023. ECF No. 253. The parties participated in an unsuccessful settlement conference on June 8, 2023. ECF No. 264. On June 26, 2023, Plaintiff filed its Motion for Sanctions. ECF No. 266. Thus, there was an 18 day lapse between the conclusion of the settlement conference and Plaintiff's Motion.

Courts agree "that a motion for sanctions, regardless of the source of authority for the imposition of sanctions, must be timely filed." *MGA Ent., Inc. v. Nat'l Prod. Ltd.*, Case No. CV 10-07083 JAK (SSx), 2012 WL 4052023, at *4 (C.D. Cal. Sept. 14, 2012). Courts also conclude "that unreasonable delay in filing a motion for sanctions … may render the request untimely." *Id.*, *citing Clark v. United States*, Case No. 06-cv-00544, 2011 WL 66181, at *4 (D. Haw. Jan. 7, 2011). Courts agree that the last day on which a party may file a motion seeking discovery sanctions is the deadline for filing dispositive motions. *Hall v. Schumacher*, Case No. 2:10-cv-01353-GMN-LRL, 2011 WL 4458845, at *3 (D. Nev. Sept. 23, 2011); *Larios v. Lunardi*, 442 F.Supp.3d 1299, 1305 (E.D. Cal. 2020), *aff'd*, 856 Fed.Appx. 704 (9th Cir. 2021).

Here, Plaintiff points out the Court's Order automatically lifting the stay clearly stated that following the stay the case would be referred to a settlement conference; however, this did not happen until February 2023 despite Defendant filing, and Plaintiff joining, a status report seeking the referral to settlement in April 2022. ECF Nos. 251-253. Indeed, other than the settlement conference on June 8, 2023, there was no substantive activity in this case between March 23, 2022, when the stay was entered, and four days before June 26, 2023 when Plaintiff filed this Motion.[3] *See* Docket, generally. These facts contrast with cases in which motions for sanctions were found to be untimely most often because of unexplained delays, but also because of lapsing dispositive

---

[3] On June 22, 2023, Defendant filed a Motion for Summary Judgment. ECF No. 265.

3

deadlines, filing of dispositive motions, and imminent trial dates. *Ferguson v. Baker*, Case No. 2:16-cv-01525-APG-NJK, 2021 WL 1131691, at *3 (D. Nev. Mar. 24, 2021) (unexplained delay in filing a motion to compel or for sanctions resulting in prejudice to the opposing party); *Garcia v. Serv. Emps. Int'l Union*, Case No. 2:17-cv-01340-APG-NJK, 2019 WL 8750275, at *1 (D. Nev. May 23, 2019) (denying plaintiff's second motion for sanctions not filed until two months after the first such motion was denied and following numerous discovery extensions, the lapsing of the dispositive motion deadline, pending motions for summary judgment, and a prior order stating it was time to conclude all discovery matters); *Cooper v. County of Los Angeles*, Case No. 2:19-cv-09813-AB (MAAx), 2021 WL 11132202, at *4 (C.D. Cal. Dec. 2, 2021) (internal citation omitted) (denying the motion based on unexplained delay); *Scalia v. County of Kern*, Case No. 1:17-cv-1097-None-JLT, 2020 WL 5763767, at *6 (E.D. Cal. Sept. 28, 2020) (collecting cases regarding untimely spoliation motions). While it is true nothing absolutely precluded Plaintiff from waiting until after the settlement conference to file its Motion for Sanctions, Plaintiff's explanation is reasonable given the entirety of the undisputed circumstances in this case.[4]

Based on the foregoing and the history of this case, a time lapse that was not caused by Plaintiff or Defendant, and the promptness of the instant Motion following a Court ordered unsuccessful settlement conference, the Court finds Plaintiff's Motion for Sanction is not untimely.

B.  <u>Producing the Text of Loss Code 60 was not Disproportionate to the Needs of this Case</u>.

Before Plaintiff brought its instant Motion, Plaintiff sought to compel production of "[a]ll claim manuals, policies and/or guidelines (including all drafts of the same) concerning AFM's property insurance policies including, but not limited, to the 'standard FM Global Advantage' and/or the 'AFM proVision' form property insurance policy(ies)." ECF No. 40 at 12. Defendant responded to this broad request stating its "claims procedures manual is voluminous and includes multiple sections that have no relevance to … [Plaintiff's] claim whatsoever. . . . There are only a very limited

---

[4] In fact, the Court's Order staying this case expressed a desire to avoid "the kind of motion practice that led" to the Court's decision to enter its stay; that is, then-pending motions for judgment on the pleadings, leave to amend/correct a complaint, and for summary judgment that "spawned dozens of docket entries including motions for leave to file supplement authority, motions to strike, and requests for judicial notice." ECF No. 250 at 1.

4

number of claims procedures that pertain to … [Plaintiff's] Policy, and … [Defendant] has already produced those. … [Plaintiff] provides no justification why it should be entitled to production of documents irrelevant to its claims just because they exist." ECF No. 43 at 7. At the February 25, 2021 hearing, Defendant was ordered to produce tables of contents, indices of its claims manuals, and relevant sections of any hyperlinks or other sections referenced in the 35 pages of the claims manuals already produced. ECF No. 82 at 41-43. On March 22, 2021, Plaintiff again sought to compel Defendant's claims procedures (ECF No. 89) that was followed by numerous related filings. On May 14, 2021, Plaintiff filed a third motion seeking the Court's assistance with unresolved discovery matters, including production of additional claims procedures. ECF No. 122 at 6. Particularly, Treasure Island requested "[r]elevant to AFM's handling of the Claim, AFM's alleged predetermination of the claim and AFM's alleged bad faith," to which AFM responded "[t]his provision lists the codes to be assigned to different perils. AFM's claim handling witnesses testified, and the documents confirm, that Treasure Island's claim was treated as a Communicable Disease ('CD') claim. Any other codes are irrelevant and the burden of producing this provision is not proportional to the potential benefit to Treasure Island." ECF No. 161 at 21. Thus, the text of Loss Code 60 was not produced.

The Court refers to the helpful decision in *Lucas v. Protective Life Ins. Co.*, Case No. 4:08CV-00059-JHM, 2010 WL 569743, at *1 (W.D. Ky. Feb. 11, 2010). In *Lucas*, the plaintiff was the primary beneficiary of a term life insurance policy issued to his wife by Protective Life. *Id.* The plaintiff filed a claim for benefits, which was denied by the insurer because part of his wife's medical history was not disclosed on the insurance application. *Id.* During discovery, the plaintiff requested "all underwriting guidelines of Chase Life Insurance Company" to which the insurer objected as overly broad. *Id.* at *2. The plaintiff filed a motion to compel arguing he was entitled to all of the insurer's underwriting guidelines. *Id.* The insurer argued that while it did not produce all life insurance guidelines, it had "produced all of … [its] manuals and guidelines … relevant to 'its defense of the claims made by Plaintiff.'" *Id.* at *3. The Court noted that although the insurer's "relevancy objection may be well-taken as it relates to the ultimate disposition of this matter on [a] dispositive motion or at trial …[,] the matter of relevancy … [for the purposes of discovery] is

viewed differently." *Id.* The court stated the plaintiff "should not be limited to an examination of only those guidelines declared by [d]efendant to be relevant to it[s] defenses …." *Id*. The court queried "what if there is a guideline or policy that *should have been* observed and employed by Defendant in making the determination whether coverage or denial of coverage was appropriate?" *Id.* (Emphasis in original.) The court ultimately found "[w]hile Plaintiff's search of all of Chase's life insurance underwriting policies may in the end prove fruitless, that is not sufficient reason to deny the search itself as this discovery 'appears to be reasonably calculated to lead to the discovery of admissible evidence.'" *Id*. *quoting* Fed. R. Civ. P 26(b)(1).

Though the court in *Lucas* considered a motion to compel rather than a motion for sanctions, it is instructive in showing how Defendant fell short when responding to Plaintiff's discovery. Defendant's failure to disclose Loss Code 60 based on a unilateral interpretation of "relevance," regardless of whether ultimately persuasive in dispositive motion practice or at a trial, was ill-advised. Federal courts do not typically "tolerate a party unilaterally and unreasonably deciding that requested discovery is not relevant or discoverable under proportionality based solely on its own litigation position." *Quarles v. Zero Mass Water, Inc*., Case No. 20-12852, 2021 WL 5761729, at *2 (E.D. Mich. May 5, 2021); *Athridge v. Aetna Casualty and Surety Co*., 184 F.R.D. 181, 190 (D.D.C.1998) (the responding party "having no incentive to err on the side of disclosure, has arrogated to itself the authority to decide questions of relevance which is unquestionably the decision of the judge."). Thus, when Defendant failed to produce Loss Code 60, which contains language directly responsive to Treasure Island's claim, Defendant hid discoverable information from Plaintiff. *Athridge*, 184 F.R.D. at 190. The "calculated ambiguity" of Defendant's response inappropriately impeded the discovery process. *Kinetic Concepts, Inc. v. ConvaTec, Inc*., Case No. 1:08CV00918, 2010 WL 1912245, at **24-25 (M.D.N.C. May 12, 2010) (holding that unilateral "relevance" determinations in discovery responses impedes discovery).

Plaintiff's claim, regardless of ultimate success, is premised on the theory that COVID-19 caused physical loss or damage to its property. The content of Loss Code 60 links the concepts of "[p]hysical loss or damage" and "the actual presence of a communicable disease" to "the associated business interruption as defined in the policy." ECF No. 266 at 2-4; ECF No. 266-1 at 2. The

question of whether COVID-19 caused "physical loss or damage to property" is the question the Court or jury will ultimately decide. Defendant cannot withhold easily producible information relevant to Plaintiff's claim no matter how certain Defendant is of a favorable outcome.

### C. Limited Sanctions are Appropriate.

Unless otherwise limited by court order, parties may obtain discovery regarding the following:

> [A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* A party served with written discovery requests is obligated to provide truthful responses to all types of discovery requests. Fed. R. Civ. P. 26(g). If a party learns that in some material respect its initial disclosure or response to discovery requests "is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," the party must supplement or correct its disclosure or response in a timely manner. Fed. R. Civ. P. 26(e).

Here, Defendant asserted that the section containing Loss Code 60 was not relevant and therefore did not need to be produced. It is undisputed that Loss Code 60 provides "[p]hysical loss or damage which results from the actual presence of a communicable disease and the associated business interruption as defined in the policy." ECF No. 266 at 2-4; ECF No. 267 at 4. Despite Defendant's arguments to the contrary, the determination of relevance in discovery is broad, and Loss Code 60 should have been produced. Defendant's unilateral relevance determination was contrary to clearly established law. Defendant's failure to produce relevant and responsive information to discovery requests violated Fed. R. Civ. P. 26(b)(1) and 26(e).

While Plaintiff seeks sanction far greater than those the Court awards (ECF No. 266 at 5, 8-10), the Court exercises its discretion to impose the type and degree of discovery sanctions it finds appropriate. *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976); *Scalia v. Sin City*

*Inv. Grp., Inc.*, Case No. 2:19-cv-00361-JCM-NJK, 2019 WL 13211176, at *2 (D. Nev. Dec. 26, 2019) ("any sanction must be reasonable given the circumstances, and a sanction is reasonable only if its character and magnitude are proportionate to the character and magnitude of the violation, and the harmful consequences of that violation.") (internal quotations omitted).

Federal Rule of Civil Procedure 37(c)(1) states: "If a party fails to provide information … as required by Rule 26(a) or (e)," the Court may order payment of the reasonable fees and expenses caused by the party's failure, and may inform the jury of the party's failure, as well as award other "appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(A)-(C).  To this end, the Court declines to award fees and costs associated with Plaintiff's historic motions to compel, but awards the same for the instant Motion.  Broader sanctions are disproportionate to the discovery misconduct given that Defendant never said Loss Code 60 did not exist, but contended it is irrelevant to the claim at issue. Defendant had a basis for reaching this conclusion not the least of which was the decision in *Cinemark*.  While Defendant could not, on this basis alone, withhold the loss code, the failure to produce Loss Code 60, the failure to produce the code was not wholly specious.

At the risk of redundancy, Loss Code 60 does not establish that communicable diseases cause physical loss or damage; rather, the Code allows for the possibility that "[p]hysical loss or damage" may "result[] from the actual presence of a communicable disease …."  Based on this language, the Court finds the appropriate limitation is to preclude Defendant from arguing physical loss or damages cannot be caused by a communicable disease or that there is no circumstance under which Defendant may find coverage reaches physical loss or damage arising from a communicable disease. But, an instruction "that AFM be precluded from asserting that COVID-19 is incapable of causing physical loss or damage to property" seeks an instruction the Court is unwilling to issue.

The Court rejects Plaintiff's request to inform the jury of Defendant's discovery misconduct. Defendant's misconduct did not rise to the level where this sort of sanction is awarded.  *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 55 (S.D.N.Y. 2014) (ordering when a responding party argued that the requested records (1) are irrelevant; (2) never existed; (3) are not subject to the production because of confidentiality; (4) do not exist in the form sought; and (5) existed but were destroyed, an adverse jury instruction against the responding party for the failure to produce the records was

appropriate); *Tom v. S.B., Inc.*, 280 F.R.D. 603, 617 (D.N.M. 2012) (ordering an adverse inference jury instruction was appropriate where defendant withheld records for the truck involved in the accident at issue; failed to disclose insurer's investigation; and withheld truck driver's complete employment file). The Court also declines Plaintiff's request that "certain other documents" produced in *Cinemark* be produced in this case because the Court has insufficient information to determine whether such sanction is proportional to AFM's misconduct.

### III.  Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff Treasure Island LLC's Motion for Sanctions (ECF No. 266) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant must pay the reasonable fees and costs associated with Plaintiff's preparation of its Motion for Sanction, review of the Opposition, and preparation of the Reply. Plaintiff must submit a memorandum of fees and costs associated with the award of the same. Plaintiff's memorandum must detail the activities, hours spent (in tenths of hours), and the rate charged by each attorney who worked on the topic. Appropriate redactions from billing records for attorney client privilege and/or work product may be made for the public filing of non-redacted copies of such records filed under seal. Plaintiff must submit its memorandum within 45 days after the date of this Order. Defendant will have 10 days to file a response, if any is desired. No reply shall be permitted by Plaintiff.

IT IS FURTHER ORDERED that Defendant is precluded from arguing physical loss or damages cannot be caused by a communicable disease or that there is no circumstance under which Defendant may find coverage reaches physical loss or damage arising from a communicable disease.

IT IS FURTHER ORDERED that all other sanctions requested by Plaintiff are denied.

DATED this 26th day of September, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE