UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TREASURE ISLAND, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AFFILIATED FM INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:20-cv-00965-JCM-EJY<br><br>**ORDER** |

Pending before the Court is Treasure Island, LLC's Memorandum of Attorneys' Fees Relating to its Motion for Sanctions (the "Memorandum") and Affiliated FM Insurance Company's Response thereto. ECF Nos. 286, 289.

The Court has broad discretion when determining the reasonableness of attorney fees. *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). The Court applies the "lodestar method" when considering fees, which "is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."[1] *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)).

In determining an award for attorneys' fees, "the most critical factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "[I]f the [party] has achieved only partial or limited success, compensation for the full amount of attorney's time may be excessive even if the attorney presented claims that were nonfrivolous and raised in good faith." *Reyna v.*

---

[1] "[A] court may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). These factors include: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the 'undesirability' of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases." *Id.* at 1045 n.2 (citation omitted). Defendants only challenge the reasonableness of the hours sought and billing rate (ECF No. 80); thus, the Court does not address additional factors in its analysis.

*Astrue*, Case No. 1:09-CV-00719-SMS, 2011 WL 6100609, at *7 (E.D. Cal. Dec. 6, 2011) (citing *Hensley*, 461 U.S. at 436). "A district court may elect to identify specific time that must be eliminated or simply reduce the fee award as a whole to address the limited success." *Id.* When block-billing is used such that the Court is unable to identify specific time spent on any particular part of the party's briefing, "the Court's only alternative is to reduce the fee award as a whole to a reasonable allowance." *Id.* Finally, "a district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary." *Van Gerwen*, 214 F.3d at 1045 (internal quotation marks and citation omitted).

Here, Affiliated FM does not object to the blended rate charged by Treasure Island's lead counsel, Hutton Andres Kurth LLP or its local counsel Messner Reeves. ECF No. 289 at 3 and at 3 n.1. The Court finds the hourly rates reasonable given the expertise and breadth of experience of each counsel. Thus, the issue for the Court is whether hours billed were reasonable and whether Treasure Island is entitled to recover additional attorney fees incurred arising from the preparation of its Memorandum.

The Court reviewed each time entry made by counsel for Treasure Island pertaining to the Motion for Sanctions and reduced the entries based on vagueness, internal communications, block billing, and excessive hours spent on tasks. Specifically, the Court reduced the time billed by 2.2 hours for internal communications (some of which were included in block bills); .5 hours based on vague billing entries; .4 hours for review of local rules by out of state counsel for which Affiliated FM does not have to pay; and 14.3 hours for analyzing the Opposition, outlining, and drafting the Reply as duplicative work in which four attorneys were involved. The reduction of time totals 17.4 hours. The Court further reduces the total billed hours by an additional five hours as reasonably related to time spent on unsuccessful arguments. The total amount billed for preparing the Motion for Sanctions, reviewing the Opposition, and preparing the Reply is reduced from 89.8 hours to 67.4 hours and the fees awarded are reduced from $55,092.50 to $42,125.00.

Whether to award "fees on fees" to Treasure Island—that is attorney's fees incurred to prepare their Memorandum seeking fees—is within the Court's discretion. *Schneider v. County of San Diego*, 32 Fed.Appx. 877, 880 (9th Cir. 2002) (discussing the court's discretion to decline a fee

on fee award). *See also Mawere v. Citco Fund. Servs. (USA) Inc.*, Case No. 09 Civ. 1342 (BSJ)(DF), 2011 WL 6779319, at *7 (S.D.N.Y Sept 16, 2011), *adopted by* 2011 WL 6780909 (S.D.N.Y. Dec 27, 2011) (it is within a judge's discretion to award fees in connection with the fee application by an attorney seeking an award of attorney's fees). The Court reduced the fee award for preparation of the Motion for Sanctions by approximately twenty-five percent (25%). In the absence of an award of any fees incurred for preparing the Memorandum, the Court would effectively reduce the fee award by an additional thirty percent (30%). That reduction would undermine the intent of the fee award granted. Accordingly, the Court exercises its discretion and awards Treasure Island its fees-on-fees reduced by the same twenty-five percent (25%) reduction applied to fees incurred related to the Motion for Sanctions; that is, to $13,077.75. The total fee award is therefore $55,202.75.

Accordingly, IT IS HEREBY ORDERED that Affiliated FM Insurance Company must pay Treasure Island, LLC the total amount of $55,202.75 in attorney fees incurred reasonably related to the Motion for Sanctions granted in part at ECF No. 281.

IT IS FURTHER ORDERED that the fee award must be paid no later than thirty (30) days from the date of this Order unless a stay of this Order is granted by the Court.

Dated this 26th day of January, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE