# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TREASURE ISLAND, LLC, | Case No. 2:20-CV-965 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| AFFILIATED FM INSURANCE COMPANY, | |
| Defendant(s). | |

Presently before the court is defendant Affiliated FM Insurance Company ("defendant")'s motion for summary judgment. (ECF No. 265). Plaintiff Treasure Island, LLC ("plaintiff") filed a response (ECF No. 272), to which defendant replied (ECF No. 279).[1]

**I.   Background**

This is a breach of contract action arising out of plaintiff's claim of insurance coverage under an "all risks" insurance policy sold by defendant.

Defendant sold an insurance policy (the "policy") to plaintiff providing coverage against "all risks of physical loss or damage" subject to numerous exclusions with an effective term of March 20, 2019, through March 20, 2020 (ECF No. 1 at 2).

Pursuant to an order by former Governor Steve Sisolak, all gaming facilities, including plaintiff's property, closed between March 17, 2020, and March 18, 2020, due to the COVID-19 pandemic. (*Id.* at 5). Plaintiff alleges that persons infected with COVID-19 were present on its

---

[1] Plaintiff filed a response and a sealed response. (ECF Nos. 271; 272). The court will cite to the sealed response in this order.

James C. Mahan
U.S. District Judge

property prior to this date. (*Id.*). A communicable disease provision in the policy covers "the reasonable and necessary costs incurred . . . for the (a) Cleanup, removal and disposal of . . . communicable disease from insured property." (*Id.* at 6-7).

Plaintiff submitted its claim for coverage under the policy on March 19, 2020. (*Id.* at 12). Three weeks later, defendant's assigned adjuster called plaintiff's counsel to discuss plaintiff's claim. (*Id.*). On April 16, 2020, the adjuster sent plaintiff a letter denying coverage, explaining that "coverage is not available [for COVID-19] absent physical loss or damage of the type insured." (*Id.* at 13).

Plaintiff's complaint asserts six claims for relief against defendant: (1) declaratory judgment; (2) breach of contract – property damage; (3) breach of contract – business interruption; (4) breach of contract – business interruption extensions; (5) breach of the covenant of good faith and fair dealing; and (6) violation of the Nevada Unfair Claims Practices Act. (*Id.* at 16-20).

Defendant moves for summary judgment on all of plaintiff's claims. The vaguely construed policy presents a genuine dispute of material fact as to plaintiff's breach of contract claims. However, plaintiff does not meet the requisite burden to sustain claims for breach of the covenant of good faith and fair dealing and violation of the Nevada Unfair Claims Practices Act.

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment

**James C. Mahan**
**U.S. District Judge**

is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the

opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001)) ("[t]o survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rule of Civil Procedure 56.").

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

### III. Discussion

A. Breach of contract

Defendant moves for summary judgment on plaintiff's claims for breach of contract. "A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement." *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987) (citation omitted). To prevail on a claim for breach of contract, a plaintiff must demonstrate (1) the existence of a valid contract; (2) that the plaintiff performed or was excused from performance; (3) that the defendant breached the contract; and (4) that the plaintiff sustained damages. *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2001); *see also Sierra Dev. Co. v Chartwell Advisory Group, Ltd.*, 223 F. Supp. 3d 1098, 1103 (D. Nev. 2016).

   i.   *Physical loss or damage*

Defendant first avers that plaintiff did not suffer "physical loss or damage," thus making denial of coverage proper. Defendant claims that plaintiff's complaint is conclusory, as plaintiff merely asserts that it was "statistically probable" that COVID-19 was present on the premises and the "presence" of infected persons resulted in "physical loss or damage" covered by the policy. (ECF No. 265 at 17).

Plaintiff has presented sufficient evidence from which a jury could find that it did in fact suffer physical loss and damage. In January of 2020, an employee of plaintiff who regularly interacted with its guests reported symptoms consistent with COVID-19, such as loss of taste or smell, difficulty breathing, fever, fatigue, body aches, nausea, and dry cough. (ECF Nos. 272-1 at 202; 272-3 at 225). In February of 2020, another employee reported similar symptoms. (ECF Nos. 272-1 at 205; 272- at 228). No tests for current infection were publicly available at the time.

James C. Mahan
U.S. District Judge

- 5 -

Taking these facts as true, the court also accepts the now-established science that COVID-19 is an airborne virus. (ECF No. 272 at 25). Plaintiff correctly posits that the "air" inside its premises is insured property, and defendant offers no evidence to rebut this reasonable interpretation. (*Id.*).

The lone Ninth Circuit case relied upon by defendant relating to physical loss of or damage to property held that despite the actual presence of COVID-19 on the plaintiff's property, the plaintiff's business losses were not caused by "physical loss or damage." *See Circus Circus LV, LP v. AIG Specialty Ins. Co.*, No. 21-1537, 2022 WL 1125663, at *3 (9th Cir. Apr. 15, 2022). There are two issues with defendant's reliance on this case. First, the facts are barren compared to those in the instant matter, making it difficult to contrast the cases. More importantly, the case is unpublished and not binding precedent on this court, as noted in the decision itself.

Defendant fails to show that there is a genuine dispute of material fact as to whether plaintiff suffered physical loss or damage to its property.

>  ii.    *Contamination exclusion*

Defendant next argues that the policy contains an unambiguous exclusion for viruses and disease-causing agents. (ECF No. 265 at 22-23). Specifically, the policy provides an exclusion for "contamination, and any cost due to contamination [,] including the inability to use or occupy property or any cost of making property the safe or suitable for use or occupancy." (ECF No. 2-1 at 21).

Vague or ambiguous insurance provisions must be construed narrowly against the insurer. *See Powell v. Liberty Mut. Ins. Co.*, 252 P.3d 668, 672 (Nev. 2011). Additionally, the movant must show that its interpretation is the only reasonable interpretation. *Id.* at 674.

James C. Mahan
U.S. District Judge

- 6 -

Although the policy mentions the word "virus" in the contamination exclusion, that fact alone does not show that the contamination exclusion applies in this context. There is a "communicable disease" provision in the policy that covers the physical removal of a disease. (ECF No. 272-3 at 10). Plaintiff reasonably argues that "it would be meaningless (and impossible) to cover the physical removal of a disease but exclude the virus that causes it." (ECF No. 272 at 36). The contamination exclusion and communicable disease provision appear to be contradictory. Finally, defendant again relies on two unpublished and non-binding cases to support its conclusory notion that the contamination exclusion is valid and enforceable.

### iii.   *Loss of use exclusion*

The policy also contains an exclusion for "loss of use." The specific provision notes an exclusion for "loss of market or loss of use." (ECF No. 2-1 at 20). The applicability of the loss of use exclusion hinges on whether a physical loss actually occurred. The court already addressed this issue, *supra*. Plaintiff's alleged physical loss is disputed, as a reasonable jury could find that the two employees were infected with COVID-19 and transmitted the virus to guests on the premises.

### iv.   *Communicable disease coverage*

Finally, defendant posits that the communicable disease provision does not apply in this context. The court's analysis of this provision is similar to that employed when scrutinizing the loss of use exclusion. The communicable disease provision attaches where there is "actual [,] not suspected" presence of a communicable disease of a covered location." [ECF No. 265 at 25].

Whether COVID-19 was actually present on the premises is disputed. Two of plaintiff's employees testified under oath that they experienced symptoms consistent with COVID-19. There were no tests available at the time to detect whether an individual was infected with the

James C. Mahan
U.S. District Judge

- 7 -

virus. Accordingly, this fact is disputed, and defendant's argument that the communicable disease provision does not apply is premature.

There is a genuine dispute of material fact regarding whether a physical loss occurred or any of the policy exclusions or provisions apply. The court denies defendant's motion for summary judgment as to plaintiff's breach of contract claims.

B. <u>Breach of the implied covenant of good faith and fair dealing and unfair claims practices act</u>

Plaintiff asserts two more claims for relief against defendant in addition to its breach of contract claims: (1) breach of the implied covenant of good faith and fair dealing and (2) violations of Nevada's unfair claims practices act.

To state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must allege (1) plaintiff and defendant were parties to a contract; (2) defendant owed a duty of good faith the plaintiff; (3) defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) plaintiff's justified expectations were denied. *See Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919, 923 (Nev. 1991).

A contractual breach of the implied covenant of good faith and fair dealing occurs "[w]here the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract." *Id.*; *see Shaw v. CitiMortgage, Inc.*, 201 F. Supp. 2d 1222, 1252 (D. Nev. 2016).

Nevada Revised Statute 686, concerning unfair claims practices, outlines sixteen provisions that constitute an "unfair practice," all of which relate to misrepresentations and bad-faith actions on the part of insurers. NRS 686A.310. To proceed under the act, the plaintiff must prove that the defendant acted unreasonably in violation of one or more of the provisions of the

**James C. Mahan**
**U.S. District Judge**

- 8 -

act. *See, e.g., Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010).

Although the court questions whether defendant breached its contract with plaintiff by denying insurance coverage, plaintiff fails to meet the high burden necessary to sustain its bad faith and unfair practices claims. Plaintiff's complaint regarding these claims is conclusory and not supported by any direct evidence in its response to defendant's motion for summary judgment.

The complaint alleges that defendant employed a "systematic claims handling practice and procedure" to "ensure that [its] adjusters reach[ed] the same conclusion for all COVID-19 claims." (ECF No. 1 at 14). Specifically, plaintiff avers that "[b]y including only the On-Site Sublimited Communicable Disease Coverages as coverages potentially applicable to a COVID-19 claim, the AFM Talking Points steer adjusters to only seek information that pertains to the On-Site Sublimited Communicable Diseases Coverages." (*Id.*).

This language is prolix, confusing, and conclusory. There is simply no evidence in the record to support these blanket assertions. Denial of coverage can be improper yet plausible under the circumstances available to the insurer. The facts demonstrate that the policy is vague and ambiguous, rendering it susceptible to numerous interpretations. Although denial of coverage may not have been warranted, this fact alone does not mean that defendant acted unreasonably or in bad faith. The court therefore finds there is no genuine dispute of material fact as to plaintiff's bad faith and unfair practices claims.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 9 -

C. <u>Declaratory judgment</u>

Defendant's discussion of plaintiff's claim for declaratory relief consists of two sentences that can be summarized as follows: the allegations in the complaint do not state a claim for coverage under the policy.

The court has found that there is a genuine dispute of material fact as to whether defendant is liable for breach of contract for denying coverage to plaintiff. Therefore, plaintiff's claim for declaratory relief does not warrant dismissal at this time.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Affiliated FM Insurance Company's motion for summary judgment (ECF No. 265) be, and the same hereby is, GRANTED IN PART and DENIED IN PART.

Defendant's motion for summary judgment is GRANTED as to plaintiff's claims for breach of the implied covenant of good faith and fair dealing and violation of the Nevada Unfair Claims Practices Act.

Defendant's motion for summary judgment is DENIED as to plaintiff's claims for breach of contract and declaratory relief.

DATED March 29, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**